**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MAURICIO RICARDO QUESADA AVENDANO,

      Petitioner,

vs.                                                                                                                No. Civ 11-0556 JB/CG

KATHRYN ELIZABETH STONER SMITH,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Respondent Kathryn Elizabeth Stoner Smith's oral request at the show cause hearing on July 11, 2011 that the Court consider all the materials attached to her Motion to Dismiss Verified Petition for Return of Children to Petitioner Because the Hague Convention is Not Applicable and Custody Litigation is in the United States, Third Judicial District Court County of Dona Ana, State of New Mexico, filed July 11, 2011 (Doc. 11), in its consideration of the Verified Petition for Return of Children to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent, filed June 23, 2011 (Doc. 2)("Petition"). Smith argues that the Federal Rules of Evidence do not apply to proceedings under the Hague Convention. Rule 1101(b) of the Federal Rules of Evidence states: "These rules apply generally to civil actions and proceedings, including admiralty and maritime cases, to criminal cases and proceedings, to contempt proceedings except those in which the court may act summarily, and to proceedings and cases under title 11, United States Code." Fed. R. Evid. 1101(b). The cases the Court has found suggest that the Federal Rules of Evidence apply in a court's consideration of a petition for return of children. In Danaipour v. McLarey, 386 F.3d 289 (1st Cir. 2004), the mother removed her two

daughters from the Kingdom of Sweden to the United States of America in violation of a Swedish Court order, and the father filed suit in the United States seeking to have the children returned pursuant to the "International Child Abduction Remedies Act, 42 U.S.C. § 11601, and the Hague Convention on the Civil Aspects of International Child Abduction, opened for signature Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89." 386 F.3d at 292. The United States Court of Appeals for the First Circuit addressed the district court's conclusion, under rule 1101(b) of the Federal Rules of Evidence, that "the summary character of Hague Convention proceedings does not require application of the Federal Rules of Evidence regarding hearsay . . . ." 386 F.3d at 296. The First Circuit stated: "While summary proceedings certainly may occur in cases under the Convention, this was not one. Indeed, this was a full trial." 386 F.3d at 296.[1] The First Circuit stated, however: "Whatever our doubts, nonetheless, Danaipour has not directly raised on appeal the point of the applicability of the Federal Rules of Evidence; at most he argues that the mother's family's recounting of the children's statements to physicians constituted inadmissible double hearsay and was inherently unreliable." 386 F.3d at 296. The United States Court of Appeals for the Third Circuit has also suggested that the Federal Rules of Evidence apply in adjudications of petitions for return of children under the Hague Convention. See Karkkainen v. Kovalchuk, 455 F.3d 280, 285 (3d Cir. 2006)(rejecting Karkkainen's claim that the district court improperly permitted testimony regarding the daughter's best interests, stating that "Karkkainen points to no specific instances in which the District Court permitted such testimony, and we have found none

---

[1] The First Circuit appears to interpret the phrase in rule 1101(b) "except those in which the court may act summarily," Fed. R. Evid. 1101 (b), as modifying all types of proceedings listed in the rule. While the parties do not brief this issue, the Court believes that the plain language of the rule limits the phrase "except those in which the court may act summarily" to contempt proceedings. See United States v. Glass, 361 F.3d 580, 585 n.5 (9th Cir. 2004)("Federal Rule of Evidence 1101(b) states that the Rules of Evidence do not apply to summary contempt proceedings.").

within the record. We also conclude that the District Court admitted hearsay testimony only under the exceptions of the Federal Rules and properly limited its use," and concluding, "[t]hus, we find no abuse of discretion on these points"). The Court thus concludes that the Federal Rules of Evidence apply to its consideration of the Petition.

> Section 11605 of Title 42 of the United States Code states:
>
> With respect to any application to the United States Central Authority, or any petition to a court [for return of a child], which seeks relief under the Convention, or any other documents or information included with such application or petition or provided after such submission which relates to the application or petition, as the case may be, no authentication of such application, petition, document, or information shall be required in order for the application, petition, document, or information to be admissible in court.

42 U.S.C. § 11605. This provision of the International Child Abduction Remedies statute, 42 U.S.C. §§ 11601 to 11611, which implements by congressional statute the Hague Convention, supports the Court's conclusion that the Federal Rules of Evidence apply to its consideration of the Petition, because, if the Federal Rules of Evidence did not apply, there would be no need for a statute eliminating the authentication requirement for certain documents.

**IT IS ORDERED** that the Federal Rules of Evidence apply to the Court's consideration of the Verified Petition for Return of Children to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent, filed June 23, 2011 (Doc. 2), except as limited by 42 U.S.C. § 11605.

```
                                        _____
                                        UNITED STATES DISTRICT JUDGE
```

*Counsel:*

Shane English
Keithly & English PC
Anthony, New Mexico

 *Attorneys for the Petitioner*

Mary W. Rosner
Rosner Family Law Center
Las Cruces, New Mexico

 *Attorney for the Respondent*