IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAURICIO RICARDO QUESADA AVENDANO,

    Plaintiff,

vs.                                                                                                             No. CIV 11-0556 JB/CG

KATHRYN ELIZABETH STONER SMITH,

    Defendant.

**ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on the Petitioner's Motion for an Order to Show Cause, filed September 26, 2011 (Doc. 43)("Motion"). The Court held a hearing on October 13, 2011. The primary issue is whether the Court should enter a show-cause order against Defendant Kathryn Elizabeth Stoner Smith for failure to return Alejandra Quesada Stoner and Victoria Quesada Stoner to the Republic of Mexico pursuant to the Court's Memorandum Opinion, Findings of Fact, Conclusions of Law, and Order filed October 19, 2011 (Doc. 29)("Order"). Because K. Stoner has not returned A. Stoner and V. Stoner to Plaintiff Mauricio Ricardo Quesada Avendano in compliance with the Court's Order, the Court will grant Quesada's Motion and order K. Stoner to show cause why the Court should not hold her in contempt for failure to obey the Court's Order.

**PROCEDURAL BACKGROUND**

On August 19, 2011, K. Stoner filed her Emergency Motion for an Order Staying the Judgment Pending Appeal Pursuant to Rule 8 of the Federal Rules of Appellate Procedure. See Doc. 30 ("Motion to Stay"). She requested that the Court stay enforcement of its Order while she appeals the Court's decision to the United States Court of Appeals for the Tenth Circuit. See Motion to Stay at 1-3. On August 22, 2011, K. Stoner filed her Notice of Appeal seeking to challenge the Court's

Order with the Tenth Circuit.  See Doc. 32.  On August 22, 2011, Quesada filed his Motion for Court to Set Deadline for Respondent to Return Children to Mexico.  See Doc. 35 ("Motion to Set Deadline").  He requested that the Court set a specific deadline for K. Stoner to comply with the Court's Order.  See Motion to Set Deadline at 1-2.  At the September 15, 2011 hearing, the Court orally indicated that it would probably deny both motions.  See Transcript of Hearing at 2:23-7:7 (taken September 15, 2011)(Court)("Sept. 15, 2011 Tr.").[1]  The Court indicated that it probably lacked jurisdiction to expand its Order and to set a deadline, and suggested that Quesada's remedy might be to move for contempt.  See Sept. 15, 2011 Tr. at 4:6-7:5 (Court).  On September 26, 2011, Quesada filed his Motion seeking a show-cause order.  In his Motion, Quesada requests that the Court require K. Stoner to show cause: (i) why she should not be held in contempt of court; and (ii) why she should not have to pay his reasonable attorney's fees and costs incurred in bringing this Motion.  See Motion at 1.  On October 6, 2011, the Court issued its Memorandum Opinion and Order denying both the Motion to Stay and the Motion to Set Deadline.  See Doc. 44 ("MOO").[2]

The Court held a hearing for the show-cause Motion on October 13, 2011.  At the hearing, K. Stoner argued that the Court did not have jurisdiction to enter a show-cause order, because the case is currently on appeal.  See Transcript of Hearing at 3:6-23 (taken October 13, 2011)(Rosner)("Oct. 13, 2011 Tr.").  K. Stoner asked the Court to vacate the hearing sua sponte based on its lack of jurisdiction over the case.  See Oct. 13, 2011 Tr. at 4:8-10 (Rosner).  K. Stoner

---

[1]The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

[2]While K. Stoner, at the October 13, 2011 hearing, related to the Court that she had separately appealed the Court's MOO denying her Motion to Stay, the Court has looked at the applicable docket entries and has found no separate notice of appeal. The Tenth Circuit on October 21, 2011 issued an order denying K. Stoner's Motion to Stay. See Doc. 52.

agreed that, once the Tenth Circuit has ruled on the appeal of the MOO denying her Motion to Stay, then the Court will have jurisdiction to enter a show-cause order. See Oct. 13, 2011 Tr. at 4:10-17 (Rosner). Quesada countered that the appeals filed in this case do not have any effect on the Court's ability to enforce its own orders through contempt proceedings. See Oct. 13, 2011 Tr. at 4:20-25 (English). Quesada pointed out that K. Stoner has still not complied with the Court's Order, because she has failed to return the children. See Oct. 13, 2011 Tr. at 5:1-12 (English). On October 13, 2011, Quesada filed a notice disclosing to the parties that the federal penal investigation in Mexico regarding K. Stoner has been dismissed. See Doc. 47. On October 13, 2011, Quesada filed a notice disclosing to the parties that the state penal investigation in Mexico regarding K. Stoner has been dismissed. See Doc. 48. On October 21, 2011, the Tenth Circuit issued an order denying K. Stoner's Motion to Stay. See Doc. 52.

## ANALYSIS

The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal. See McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007). A district court generally retains, however, jurisdiction to enforce its orders and judgments. See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394. See also Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006); Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006). Furthermore, a district court retains jurisdiction to enforce its orders and judgments through contempt proceedings following the filing of an appeal. See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d at 1223.

Although a district court retains jurisdiction to enforce an order or judgment, it may not alter

or enlarge the scope of its order or judgment pending appeal.  See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394.  Some circuit courts, particularly the United States Court of Appeals for the Sixth Circuit, have drawn a distinction between expansion -- also called enlargement -- and enforcement of orders and judgments.  See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394.  A district court retains jurisdiction to enforce but may not enlarge an order or judgment once an appeal has taken place.  See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394.

     K. Stoner argued at the hearing that, by virtue of her appeal of the district court's MOO denying her Motion to Stay, the Court could not enter a show-cause order in this case.  K. Stoner conceded, however, that, once the Tenth Circuit has ruled on her appeal of the Court's MOO denying her Motion to Stay, the Court would then have jurisdiction to enforce its Order.  See Tr. at 4:10-17 (Rosner).  While the Court does not agree that it would lack jurisdiction to enforce its Order even though K. Stoner appealed the Court's Order denying her Motion to Stay, the issue presented here is less complex, because the Tenth Circuit has denied K. Stoner's Motion to Stay.  If an order or judgment has been stayed or superseded, then the district court may not enforce it.  See Santibanez v. Wier McMahon & Co., 105 F.3d 234, 238 (5th Cir. 1997).

     The situation here is that the Tenth Circuit denied K. Stoner's Motion to Stay.  Furthermore, K. Stoner has not complied with the Court's Order which requires her to return A. Stoner and V. Stoner to Quesada.  Particularly because Quesada has filed notices with the Court that he has followed through with his intention to have the criminal charges in Mexico against K. Stoner dismissed, the Court concludes that entering the requested show-cause order is justified.  Furthermore, the Court has jurisdiction to enforce its Order through contempt proceedings.  See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d at 1223.  Holding K. Stoner in contempt would not

expand or enlarge the scope of the Court's Order or the judgment in the case.  See Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d at 638 (recognizing that district court could properly enforce a prior order through contempt proceedings even when the order lacked clarity or specificity regarding terms of complying with the order).

      **IT IS ORDERED** that Petitioner's Motion for an Order to Show Cause, filed September 26, 2011 (Doc. 43), is granted.  Defendant Kathryn Elizabeth Stoner Smith shall show cause, at the hearing set for Thursday, October 27, 2011, why the Court should not hold her in contempt for having failed to comply with its Order compelling her to return A. Stoner and V. Stoner to Quesada.  K. Stoner will also have to pay Plaintiff Mauricio Ricardo Quesada Avendano's reasonable attorney's fees and costs incurred in bringing this Motion.

      _____
      UNITED STATES DISTRICT JUDGE

*Counsel:*

Shane A. English
Keithly & English, LLC
Anthony, New Mexico

    *Attorney for the Plaintiff*

Mary W. Rosner
Rosner Family Law Center
Las Cruces, New Mexico

    *Attorney for the Defendant*