IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAURICIO RICARDO QUESADA AVENDANO,

    Plaintiff,

vs.                                                                                     No. CIV 11-0556 JB/CG

KATHRYN ELIZABETH STONER SMITH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Petitioner's Motion for an Order to Show Cause, filed September 26, 2011 (Doc. 43)("Motion to Show Cause"); and (ii) the Respondent's Motion to Vacate Show Cause Hearing, filed October 25, 2011 (Doc. 54)("Motion to Vacate"). The Court held a telephonic hearing on October 27, 2011. The primary issues are whether the Court should: (i) vacate the show-cause component of the show-cause hearing; and (ii) award Plaintiff Mauricio Ricardo Quesada Avendano his reasonable attorney's fees incurred in bringing the Motion to Show Cause. The Court will grant the Motion to Vacate in part and deny it in part. Because the parties agreed at the hearing that the Court should vacate the show-cause component of the show-cause hearing, the Court will vacate that aspect of the hearing. The Court will otherwise deny the Motion to Vacate. Because the applicable statute, 42 U.S.C. § 11607(b), authorizes the award of attorney's fees in a situation related to the return of the child under 42 U.S.C. § 11603, the Court will award Quesada his reasonable attorney's fees incurred in bringing the Motion to Show Cause.

## PROCEDURAL BACKGROUND

On September 26, 2011, Quesada filed his Motion to Show Cause. He requested that the

Court enter a show-cause order instructing Defendant Kathryn Elizabeth Stoner Smith to show cause why she has not returned Alejandra Quesada Stoner and Victoria Quesada Stoner to the Republic of Mexico pursuant to the Court's Memorandum Opinion, Findings of Fact, Conclusions of Law, and Order filed October 19, 2011 (Doc. 29)("MOO"). See Motion to Show Cause at 1-2. Quesada also requested that the Court award him his reasonable attorney's fees incurred in bringing the Motion to Show Cause. See Motion to Show Cause at 2. On October 25, 2011, the Court granted the Motion to Show Cause. See Order to Show Cause (Doc. 53). On October 25, 2011, K. Stoner filed her Motion to Vacate. On October 26, 2011, Quesada filed an affidavit to support his request for reasonable attorney's fees. See Affidavit of Shane English at 1-2 (executed October 26, 2011)(Doc. 55).

The Court held a telephonic hearing on October 27, 2011. The parties agreed that the Court should vacate the show-cause aspect of the hearing, as K. Stoner had returned the children to Mexico on October 26, 2011. See Transcript of Hearing at 2:15-3:14 (taken October 27, 2011)(English, Court, Rosner)("Tr.").[1] K. Stoner argued that the Court should not find that she is in contempt of court. See Tr. at 3:16-4:5 (Rosner). The Court agreed that there was no reason to hold K. Stoner in contempt. See Tr. at 4:6-8 (Court). K. Stoner said that she was prepared to address the issue of awarding attorney's fees to Quesada at this hearing. See Tr. at 4:9-13 (Rosner). Quesada argued that he should receive attorney's fees, because it was reasonable and necessary for him to file the Motion to Show Cause seeking to hold K. Stoner in contempt to secure the return of his children. See Tr. at 4:25-5:10 (English). He pointed out that the applicable statute, 42 U.S.C. § 11607, authorizes reasonable attorney's fees in these situations. See Tr. at 5:10-17 (English). K. Stoner

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

argued that she has a right to appeal the case to the United States Court of Appeals for the Tenth Circuit. See Tr. at 6:1-9 (Rosner). She contended that, because she has sought to resolve the issues in the case quickly regarding her appeal to the Tenth Circuit, the Court should not award attorney's fees against her. See Tr. at 6:10-21 (Rosner). She asserted that she has no current funds to pay these fees and will have to pay them out of her divorce settlement. See Tr. at 6:10-21 (Rosner). K. Stoner did not specifically contest the amount of fees Quesada requested. Quesada countered that, while K. Stoner certainly has a right to appeal, she still has an obligation to comply with the Court's order. See Tr. at 7:8-19 (English).

## ANALYSIS

The Court has reviewed Quesada's affidavit setting forth his attorney's fees. Because the Court concludes that the applicable statute authorizes attorney's fees under these circumstances, the Court will award Quesada his reasonable attorney's fees. The Court has determined that these fees are reasonable and necessary expenses incurred as they relate to the return of the children under 42 U.S.C. § 11603.

42 U.S.C. § 11607(b) relates to "Costs incurred in civil actions." 42 U.S.C. § 11607(b). It states:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3).

It was reasonable for Quesada to file his Motion to Show Cause and secure the Court's Order to Show Cause. Stoner had not obeyed the Court's MOO issued on October 19, 2011, but rather

sought a stay in the district court and in the Tenth Circuit, and appealed the Court's MOO. While she said she would comply with the Court's order and contempt proceedings would not be necessary, she had not yet done so. Quesada had a right to seek a court order enforcing the prior order "ordering the return of a child pursuant to an action brought under section 11603." 42 U.S.C. § 11607(b)(3). Indeed, she did not comply before the day of the show-cause hearing. Accordingly, Quesada incurred fees "during the course of proceedings in the action." 42 U.S.C. § 11607(b)(3). Moreover, K. Stoner has not established that an award of fees "would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). She appears to have the funds, and while there may be some hardship, there is not an inability to pay. Moreover, while she has a right to appeal, she still did not obey the Court's order. While the Court understands the decision K. Stoner faced, she bore the risk of being wrong in delaying her compliance with the Court's order. It is not clearly inappropriate to award reasonable attorney's fees to Quesada for the fees he incurred in attempting to secure compliance with the Court's order.

To determine attorney's fees, the Court multiplies "the number of reasonable hours expended by a reasonable hourly rate." Neves v. Neves, 637 F. Supp. 2d 322, 339-40 (W.D.N.C. 2009)("In determining the amount of reasonable attorney's fees to award under ICARA, federal courts typically apply the lodestar method. Under the lodestar method, the Court multiplies the number of reasonable hours expended by a reasonable hourly rate." (citing Wasniewski v. Grzelak-Johannsen, 549 F.Supp.2d 965, 971 n.5 (N.D. Ohio 2008)); Distler v. Distler, 26 F.Supp.2d 723, 727 (D.N.J. 1998); Freier v. Freier, 985 F.Supp. 710, 712 (E.D. Mich. 1997); Berendsen v. Nichols, 938 F. Supp. 737, 738 (D. Kan. 1996); Flynn v. Borders, No. 5:06–323–JMH, 2007 WL 862548, at *2 (E.D. Ky. Mar. 20, 2007); Friedrich v. Thompson, No. 1:99–CV–772, 1999 WL 33951234, at *3 (M.D.N.C. Nov. 26, 1999)). Mr. Shane English, Quesada's attorney, filed an affidavit stating that

his hourly rate for his attorney's fees was $180.00 per hour. See English. Aff. ¶ 3, at 1. The Court finds that this hourly rate is reasonable for federal court practice in the District of New Mexico. See Mountain Highlands, LLC v. Hendricks, No. Civ 08-0239 JB/ACT, 2010 WL 1631856, at *9-10 (D.N.M. Apr. 2, 2010)(Browning, J.)(approving an hourly rate of $170.00 to $210.00 for commercial litigation); Wiatt v. State Farm Ins. Cos., No. CIV 07-0526 JB/KBM, 2008 WL 2229630, at *4-5 (D.N.M. Mar. 24, 2008)(Browning, J.)(holding that a fee of $200.00 per hour for insurance defense work was reasonable); Applied Capital, Inc. v. Gibson, No. CIV 05-0098 JB/ACT, 2007 WL 709054, at *3 (D.N.M. Jan. 30, 2007)(Browning, J.)(approving hourly rate of $210.00 for commercial-litigation dispute); Allahverdi v. Regents of Univ. of N.M., No. CIV 05-0277 JB/DJS, 2006 WL 1304874, at *2 (D.N.M. Apr. 25, 2006)(Browning, J.)(finding hourly rate of $225.00 reasonable in a public employment dispute); Kelley v. City of Albuquerque, No. CIV 03-507 JB/ACT, 2005 WL 3663515, at *15-17 (Doc. 117)(D.N.M. Oct. 24, 2005)(Browning, J.)(finding $250.00 per hour to be a reasonable rate in an employment dispute). While the Court does not get many family law cases in federal court, its experience within the Albuquerque region is that often times the family lawyers charge more than top commercial litigators. The Court finds that Mr. English's rate is reasonable both for commercial litigation within the district, § 1983 litigation within the district, and from the Court's experience, for family law lawyers in the Albuquerque area and the State of New Mexico.

Mr. English states that he spent a total of 6.3 hours with respect to the Motion to Show Cause between September 21, 2011 and October 27, 2011, which includes 1.0 hour of anticipated preparation and hearing time. See English. Aff. ¶ 5, at 1. Mr. English states that, after including the applicable taxes, his total fee was $1,209.13 for these services. See English Aff. ¶ 5, at 1-2. Mr. English included a listing of work entries from his billing records related to bringing the Motion to

Show Cause.  See English Aff. at 3-5.  K. Stoner did not object to the amount Quesada was seeking, but objected only to the award of attorney's fees and costs in Quesada's favor.  The Court thus orders K. Stoner to pay Quesada's attorney's fees and costs in the amount of $1,209.13 for Mr. English's services rendered in relation to the Motion to Show Cause.

**IT IS ORDERED** that Respondent's Motion to Vacate Show Cause Hearing, filed October 25, 2011 (Doc. 54), is granted in part and denied in part.  Because the parties agreed at the hearing that the Court should vacate the show-cause component of the show-cause hearing, the Court will vacate that aspect of the hearing.  The Court will otherwise deny the Motion to Vacate and address Plaintiff Mauricio Ricardo Quesada Avendano's request for attorney's fees.  Because the applicable statute, 42 U.S.C. § 11607(b), authorizes the award of attorney's fees in a situation related to the return of the child under 42 U.S.C. § 11603, the Court will award Quesada his reasonable attorney's fees incurred in bringing the Motion to Show Cause.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Shane A. English
Keithly & English, LLC
Anthony, New Mexico

    *Attorneys for the Plaintiff*

Mary W. Rosner
Rosner Family Law Center
Las Cruces, New Mexico

    *Attorney for the Defendant*